Gorman, J.
Opinion on demurrer to answer.
This is an action by the prosecuting attorney of Hamilton county to recover for the county, under the authority vested in him by Section 1277, Revised Statutes, $1,743.65 from the defendant Weaver for fees and mileage alleged to have been illegally drawn from the county treasury by said Weaver while acting as coroner of the county, during his term from January 1, 1903, to January 1, 1905. The answer of the defendant admits *42 the drawing of the amount of money alleged and-for the purposes alleged, but denies that the sums so drawn were illegally drawn, because he avers that he was entitled to all the fees and mileage charged and paid, and secondly he avers that he drew from the county treasury during said period as salary and expenses the sum of $5,888 under a law which was declared unconstitutional about the close of his said term, and-upon being requested by the. county auditor and commissioners to repay said salary so drawn and his refusal, the whole matter was compromised and settled by the commissioners and himself by agreement with full knowledge on the part of the commissioners of all the facts and the law, and by said agreement he was allowed for fees and mileage as provided in Section 1239, Revised Statutes, $5,870, being $18 less than his salary and expenses drawn under said unconstitutional law, and that, he paid into the county treasury upon said settlement with said commissioners said sum of $18 to balance the account. And he pleads this settlement in bar of a recovery in this action. The demurrer to this answer is on the ground that the allegations thereof do not constitute a defense.
The demurrer is sustained on the authority of Jones, Auditor, v. Comrs. of Lucas County, 57 O. S., 189; Higgins v. Comrs. of Logan County, 62 O. S., 621; Richardson v. State, ex rel, 66 O. S., 108.
I have read with care and given full consideration to the very able and exhaustive briefs of Mr. Bettman, Assistant Prosecuting Attorney, and Mr. Robert Pugh for defendant,. and having examined the authorities cited, have come to the conclusion that the answer of defendant does not present a defense to the action. The money drawn from the county treasury as salary by the defendant was under an unconstitutional law and the prosecutor might have brought suit to recover the entire amount thus paid because no act under that law was valid, or as was said by the Supreme Court in the case of Findlay v. Pendleton, 62 O. S., 80, on p. 88:
“It (the unconstitutional law) was void, not only from the time it was declared unconstitutional, but it never had any valid *43 ity and could not be invoked as a foundation of a right to be enforced in a court of justice.”
Therefore there could have been no defense interposed to an action by the prosecuting attorney against the defendant to recover the entire salary drawn by him under said unconstitutional law. He might have counter-claimed for his fees and mileage in lieu of his salary, but in that event he could not have been allowed more than the amount of fees and mileage as fixed by the statute (Section 1239, Revised Statutes). This amount would be $1,743.65 less than- the amount he had drawn out as salary and expenses, and therefore on consideration of the petition and the counter-claim the plaintiff would have been entitled to a judgment against the'defendant in the sum of $1,743.65.
The court is of the opinion that a full and careful reading of the three cases cited will disclose that very objection raised by defendant’s counsel in his brief is met and answered in those cases. On the question of the settlement with the commissioners and its conclusiveness upon the county prosecutor or the county it will be seen that this question was raised and settled against defendant’s contention in the case of Higgins v. Comrs., supra. There the county sued one of the ex-commissioners to recover for mileage and expenses in excess of what he was entitled to by the statute. He pleaded that the accounts were examined by the prosecuting attorney and probate judge of Logan county and duly certified and approved by them, and that thereupon the county commissioners of said county adjudicated upon and allowed said claim .and ordered the county auditor to issue his warrant upon the county treasurer, which was done. Nevertheless the trial court charged the jury that if they should find that the defendant drew moneys from the county treasury * * * either as mileage or expenses or both for days while he was exclusively engaged in the office of the board in the discharge of his duties as commissioner * * * other than mileage for one day each month, then such allowance and receipt by him was illegal and in violation of the statute of Ohio * * * and for such illegal mileage and expenses so received the plaintiff is entitled to recover. The Supreme Court sustained this charge and on page 629 say:
*44 “The recovery in this case was for moneys received by the plaintiff in error as a county commissioner in excess of any allowance that might lawfully be made to him by the terms of this section (897) and the claim therefore should not have been allowed to him by the commissioners.”
The cases of voluntary payment cited by counsel for defendant in his brief mostly relate to individuals or private corporations dealing with one another or with-public corporations, and not transactions of one public servant dealing with another public servant in reference to their compensation or salaries. Note what Judge Spear says in Jones, Auditor, v. Commissioners, supra, on pages 211 and 212:
“It is urged that as a condition of avoiding the conclusive effect of the commissioners ’ allowance there must be found either fraud or mistake, and neither is averred. This claim seems to rest on the idea that the board of commissioners is practically the county and that its official acts necessarily conclude the county. The assumption is fallacious.”
He then proceeds to cite authorities to show the character of the commissioners and that the board of commissioners no more represents or stands for the county or is the county than any other county official, and on page 214 says:
“That is to say referring to claims other than those of auditors, if the amount is fixed by law or is to be fixed by some other tribunal, then the commissioners may not act,” etc.
And on page 216 uses this language:
“Giving this construction to the statutes we conclude that the board (of commissioners) being a creature of statute an agent whose powers'are not general but special, should be held to represent the county in respect to its financial affairs, only in such matters as are distinctly provided by statute.”
In Richardson v. State, ex rel, supra, the court in speaking of the effect of the allowance of a claim by the commissioners says on page 113:
“Such an allowance when no illegality appears on the face of the claim may be sufficient to justify the treasurer in its payment, unless it is paid with knowledge of its infirmity otherwise *45 obtained, but it can not operate to protect the person who unlawfully received the money, nor deprive the county of its right to recover bach the money when it has been unlawfully obtained from the treasury.”
It is urged in tbe case at bar that there has been no offer to return the salary or the $18 paid to the county by defendant.
The county has nothing of defendant’s to pay back-or tender back. The salary did not belong to defendant. He had no right to draw it. It was the county’s money illegally drawn from the treasury by the defendant, and even if the defendant had actually repaid it and had not been allowed any fees he could by no legal claim ask the county to turn his salary over to him before calling upon him to return to the county illegal fees and milegage in his possession. As to the $18 this is but a part of the illegal salary or fees and mileage in the possession of the defendant which he has paid to the county, a part of its own money, and surely it would be a vain thing to require the county to turn over this $18 to defendant, when, if it did so, it would be entitled to & judgment against him for $18 more than it is now claiming. In other words, the $18 is but a small part of the illegal .salary drawn and the remainder has not been turned over and only the difference between the legal compensation and the illegally drawn salary, is sought to be recovered.